MATTHEW D. SEGAL, Bar No. 190938
matthew.segal@stoel.com
BRYAN L. HAWKINS, Bar No. 238346
bryan.hawkins@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

*Attorneys for Defendants ROBERT RIVAS (erroneously sued as Robertert Rivas) and RICARDO D. ("RICK") RIVAS*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CYNTHIA MORENO,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERTERT RIVAS, an individual sued only in his individual capacity; RICARDO D. "RICK" RIVAS, an individual; the CALIFORNIA STATE ASSEMBLY, a governmental entity of the State of California; and DOES ONE through TEN, INCLUSIVE,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331; 1367; 1441(A) [FEDERAL QUESTION]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants ROBERT RIVAS (erroneously sued as Robertert Rivas) and RICARDO D. ("RICK") RIVAS (collectively, the "Rivas Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446, asserting federal question jurisdiction, to effect the removal of the above-captioned action. The action was commenced in the Superior Court of the State of California for the County of Sacramento, and Rivas Defendants state that the removal is proper on the following grounds:

## I.    STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on federal question pursuant to 28 U.S.C. §§ 1331, 1441(a). This action is one that may be removed to this Court by Rivas Defendants pursuant to 28 U.S.C. §§ 1331, 1441(a) because this action involves purported causes of action that arise under 18 U.S.C § 1962 and under 42 U.S.C. § 1983. Other claims asserted by Plaintiff for relief under California statutory and common law are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

## II.    VENUE

2. This action is now pending in the Superior Court of the State of California, County of Sacramento, and thus may be properly removed to the United States District Court for the Eastern District of California, sitting in Sacramento.

## III.    PROCEDURAL HISTORY

3. This lawsuit arises out of Plaintiff Cynthia Moreno's ("Plaintiff"), former Press Secretary to Speaker Robert Rivas, allegations of retaliation by Rivas Defendants. On or about September 3, 2025, Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court of the State of California in and for the County of Sacramento, *Cynthia Moreno v. Robert Rivas, et al.*, Case No. 25CV020775 ("FAC"). The FAC alleges the following causes of action: (1) violation of 18 U.S.C. § 1962(c) – Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) violation of 18 U.S.C. § 1962(d) – RICO Conspiracy; (3) retaliation against a whistleblower in violation of Cal. Lab. Code § 1102.5; (4) violation of California's Legislative Employee Whistleblower

Protection Act; (5) violation of California's Legislative Discriminatory Harassment Retaliation Prevention Act; (6) violation of the First Amendment Petition Clause, asserted under 42 U.S.C. § 1983; (7) conspiracy to violate the First Amendment Petition Clause, under 42 U.S.C. § 1983; and (8) violation of California's Tom Bane Civil Rights Act. (*See* Declaration of Matthew D. Segal ("Segal Decl."), ¶ 2, Ex. 2.)

4. Defendant California State Assembly was personally served on September 24, 2025. (*Id.* ¶ 9, Ex. 8.)

5. The remaining DOES 1 through 10 of Plaintiff's FAC are unnamed and unknown, and, to Rivas Defendants' knowledge, have not been served with Plaintiff's Summons and FAC. (*See id.*)

6. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Summons, FAC, and other related documents filed by Plaintiff in the Superior Court of the State of California, County of Sacramento, are attached as Exhibits 1 through 8 to the Declaration of Matthew D. Segal filed concurrently herein, and constitute all process, pleadings, and orders known by Rivas Defendants to exist in this action. Rivas Defendants are informed and believe that Exhibits 1 through 8 constitute the operative pleadings in the state court case file in this matter.

## IV. TIMELINESS OF REMOVAL

7. Removal of a case to federal court is governed in part by 28 U.S.C § 1441(a), which generally allows removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The 30-day removal period is triggered once service occurs. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

8. This removal is filed within 30 days after Rivas Defendants were served with the summons and FAC. Rivas Defendants were not served with the original Complaint. (Segal Decl., ¶ 6.) Specifically, on September 24, 2025, service of the summons and FAC on Rivas Defendants

was deemed complete. (*See* Segal Decl., ¶¶ 3-4, Exs. 3-4); Cal. Civ. Proc. Code § 415.30(c); *Hillman v. PacifiCorp*, No. 221CV00848MCECKD, 2022 WL 597583, at *5 (E.D. Cal. Feb. 28, 2022) (finding removal of action 30 days after defense counsel signed and returned the notice and acknowledgement of receipt to be timely because under California law, service was complete upon the signing and return of the notice).

## V. BASIS FOR REMOVAL – FEDERAL QUESTION

9. The Court has original jurisdiction of this action under 28 U.S.C. § 1331, and Rivas Defendants may remove it from state court to federal court pursuant to 28 U.S.C. § 1441(a), because this action involves a federal question, specifically alleging causes of action under 18 U.S.C. § 1962(c) and (d) and under 42 U.S.C. § 1983.

10. Other claims asserted by Plaintiff for relief under California statutory and common law are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Since Plaintiff's state law claims "derive from a common nucleus of operative fact," they are "such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (internal quotation marks and citation omitted). Jurisdiction is thus appropriate for all of Plaintiff's claims, as they are all are related to the federal claims.

## VI. CONSENT

11. Pursuant to 28 U.S.C. § 1446(b)(2), all Defendants that have been served (here, the Rivas Defendants and the California State Assembly) consent to the removal. (*See* Segal Decl., ¶¶ 8-10.) "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

## VII. SERVICE OF NOTICE OF REMOVAL

12. Concurrent with the filing of this Notice of Removal, Rivas Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Sacramento as

required by 28 U.S.C. § 1446(d).

## VIII. CONCLUSION

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

14. Rivas Defendants do not waive and expressly reserve all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Rivas Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California.

DATED:  October 3, 2025                                STOEL RIVES LLP

*/s/ Matthew D. Segal*
MATTHEW D. SEGAL
matthew.segal@stoel.com
BRYAN L. HAWKINS
bryan.hawkins@stoel.com
MICHELLE J. ROSALES
michelle.rosales@stoel.com

*Attorneys for Defendants ROBERT RIVAS (erroneously sued as Robertert Rivas) and RICARDO D. ("RICK") RIVAS*

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF REMOVAL OF ACTION                -5-

150552560.3 0080652-00002