MATTHEW D. SEGAL, Bar No. 190938
matthew.segal@stoel.com
BRYAN L. HAWKINS, Bar No. 238346
bryan.hawkins@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

SCOTT M. MALZAHN, Bar No. 229204
smalzahn@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, CA 90071
Telephone:    424.652.7800
Facsimile:    424.652.7850

*Attorneys for Defendants ROBERT RIVAS (erroneously sued as Robertert Rivas) and RICARDO D. ("RICK") RIVAS*

*Additional counsel listed on next page*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CYNTHIA MORENO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERTERT RIVAS, an individual sued only in his individual capacity; RICARDO D. "RICK" RIVAS, an individual; the CALIFORNIA STATE ASSEMBLY, a governmental entity of the State of California; and DOES ONE through TEN, INCLUSIVE,<br><br>　　　　Defendants. | Case No. Case No. 2:25-cv-02866-DC-SCR<br><br>**JOINT RULE 26(F) REPORT** |

RACHEL C. LEE (*admitted pro hac vice*)
rachel.lee@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Tel:    503.224.3380
Fax:    503.220.2480

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), and the Court's October 30, 2025 Order, Plaintiff Cynthia Moreno ("Plaintiff") and Defendants Robert Rivas ("Speaker Rivas"), Ricardo D. "Rick" Rivas ("Mr. Rivas") (together, the "the Rivas Defendants"), and the California State Assembly (the "Assembly"), by and through their undersigned counsel, having conducted a conference in accordance with Rule 26(f), hereby submit this Joint Report:

**1.     SUMMARY OF FACTUAL AND LEGAL CONTENTIONS**

**A.     Plaintiff's Factual and Legal Contentions**

Plaintiff incorporates by reference her live pleading in this lawsuit and any subsequent amendments thereto.

Plaintiff served as the Press Secretary to California State Assembly Speaker Robert Rivas. Speaker Rivas retaliated against her for reporting illegal, unethical, and harassing conduct. Speaker Rivas used the State Assembly's supposedly independent employee-protection unit to accuse Plaintiff of the very thing that caused Plaintiff's initial complaint—sexual harassment.

But that is not what this case is about. Rather, Plaintiff reported the illegal and unethical actions of the Speaker, the Speaker's brother, and certain staff to the Legislature's Workplace Conduct Unit ("WBU").

Speaker Rivas, working with his brother, targeted Plaintiff. The limited inclusion of the State Assembly as a named defendant merely corresponds with the requirement the employee sues their employer—regardless of whomever that employer is.

**B.     The Rivas Defendants' Factual and Legal Contentions**

This dispute arises out of the termination of Plaintiff's employment by the Assembly following an investigation by the Workplace Conduct Unit into Plaintiff's misconduct. In addition to suing her employer (the Assembly), Plaintiff asserts retaliation and RICO claims against Speaker Rivas and his brother Mr. Rivas. All the claims against the Rivas Defendants are legally deficient and devoid of any factual support. Defendants deny all allegations and also contend that Plaintiff's claims are legally deficient. The Rivas Defendants maintain that Plaintiff is unable to allege any actual wrongdoing, Plaintiff is improperly mischaracterizing routine, publicly reported political activity, and falsely labeling lawful activity as bribery and racketeering. Moreover, the Complaint

nowhere alleges what either Speaker Rivas or Mr. Rivas (a private citizen) did to wrong Plaintiff. Plaintiff's termination was not retaliatory, but the result of her engaging in inappropriate sexual conduct. Additionally, information regarding her termination was disclosed pursuant to the Legislature's official policy, not in retaliation for any protected activity.

The Rivas Defendants contend that the FAC fails to comply with Rules 8 and 9(b) in pleading any of the claims against the Rivas Defendants. Specifically, Speaker Rivas asserts qualified immunity against all federal claims. Additionally, among other things, the Rivas Defendants contend that the FAC also does not allege any unlawful conduct by Mr. Rivas, a private individual; indeed, there are no factual allegations that Mr. Rivas had any involvement at all in decisions regarding Plaintiff's employment or termination. The Rivas Defendants contend that Plaintiff's RICO causes of action fail as a matter of law because the FAC does not plead a cognizable enterprise, alleges no actionable predicate acts, fails to establish any racketeering injury or a pattern of racketeering activity, and does not allege that Speaker Rivas participated in directing or managing the affairs of any purported enterprise. In addition, the Rivas Defendants contend that Plaintiff's allegations regarding improper influence over the passage or defeat of bills and purported lobbying activities, are barred by absolute legislative immunity and protected under the Noerr Pennington doctrine. Further, Plaintiff's Petition Clause and § 1983 conspiracy claims fail because the FAC does not allege any state action by Mr. Rivas, does not allege any conspiracy, does not plead any individualized retaliatory conduct by Speaker Rivas or Mr. Rivas, and does not show any violation of her Petition Clause rights.

Further, the Rivas Defendants contend Plaintiff's state-law claims against them fail. The FAC contains only conclusory assertions that Plaintiff's termination or denial of a raise occurred "at the behest" of Speaker Rivas or Mr. Rivas (a private individual), the FAC's allegations do not satisfy Rule 9(b), and, in the case of the Bane Act claim, contains no factual allegations establishing violence or threats of violence. Additionally, Plaintiff failed to comply with the California Government Claims Act ("CGCA"), an element of Plaintiff's Legislative Employee Whistleblower Protection Act and Bane Act causes of action against Speaker Rivas.

Finally, the Rivas Defendants contend that all of Plaintiff's state law causes of action must be stricken under California's anti SLAPP statute because they arise entirely from protected activity, namely, statements and actions made in connection with an official Workplace Conduct Unit ("WCU") investigation, the Assembly's termination decision, and the Assembly Rules Committee's disclosure of disciplinary records pursuant to legislative policy.

### C. The Assembly's Factual and Legal Contentions

The Assembly denies all allegations and also contends that Plaintiff's claims are legally deficient. The Assembly maintains that Plaintiff's termination was not retaliatory, but the result of her engaging in inappropriate conduct by making inappropriate comments of a sexual nature in the workplace. Additionally, information regarding her termination was disclosed to the public pursuant to the Legislature's official policy, not in retaliation for any protected activity.

The Assembly further contends that the FAC fails to comply with Rule 8 in pleading any of the claims against the Assembly. Specifically, Plaintiff's causes of action are barred by her failure to comply with the CGCA, the FAC contains only conclusory assertions that Plaintiff's termination or any other conduct taken by the Assembly was retaliatory, and the FAC's allegations do not satisfy Rule 8.

Finally, the Assembly contends that all of Plaintiff's causes of action against the Assembly must be struck under California's anti SLAPP statute because they arise entirely from protected activity.

### D. Undisputed Legal Issues

The parties agree that jurisdiction is proper under 28 U.S.C. §1331 and that venue is proper in this District.

## 2. SERVICE, JOINDER, AND AMENDMENTS

All Defendants have appeared. Plaintiff does not anticipate the joinder of additional parties at this time. Plaintiff will file the appropriate motion to seek leave to file an amended complaint as the facts and circumstances warrant.

The Rivas Defendants have been served with the Complaint and do not currently anticipate the joinder of additional parties or any amendments to the pleadings at this time.

*The Assembly*: The Assembly has received the Complaint and appeared in the matter and does not currently anticipate the joinder of additional parties or any amendments to the pleadings at this time.

**3.     DAMAGES**

Plaintiff's damages in this action include: lost income and benefits; damage to business and property; emotional distress and pain and suffering; treble and statutory damages; punitive damages, and associated costs and attorney's fees.

The Rivas Defendants deny that Plaintiff is entitled to any damages as a result of the Rivas Defendants' alleged conduct.

The Assembly denies that Plaintiff is entitled to any damages as a result of the Assembly and/or the Assembly's employees' alleged conduct.

**4.     INSURANCE**

There is no applicable insurance for this dispute.

**5.     MOTIONS**

    **A.     Plaintiff**

Plaintiff plans to file a motion for a protective order. On January 20, 2026, Plaintiff provided Defendants a draft protective order, which included a provision concerning Rule 502 of the Federal Rules of Evidence. The draft contained a provision for protections greater than Attorney's Eyes Only. Plaintiff provided a second draft on January 23.

    **B.     The Rivas Defendants and Defendant Assembly**

The Rivas Defendants filed a Motion to Dismiss (Dkt. 8), the Assembly filed a Motion to Dismiss (Dkt. 10), and the Rivas Defendants and the Assembly filed a Joint Anti-SLAPP Motion (Dkt. 11) (collectively, the "Dispositive Motions"), which are fully briefed and pending before the Court.

The Rivas Defendants also filed a Notice of Motion and Motion to Stay Discovery (Dkt. 32), contending that discovery should not proceed until the Court resolves threshold legal issues raised in the Dispositive Motions. If the case proceeds, the Rivas Defendants and the Assembly anticipate filing a dispositive motion for summary judgment or other dispositive motion.

In addition to the Rivas' Motion to Stay Discovery, the Assembly plans to file a Motion to Stay Discovery, contending that discovery should not proceed until the Court resolves threshold legal issues raised in the Dispositive Motions.

**6.     DISCOVERY PLAN**

During the parties' 26(f) conference on January 9, 2026, the Rivas Defendants and the Assembly objected to proceeding with any discovery until the Court resolves the pending Dispositive Motions. The Rivas Defendants and the Assembly propose that all discovery be stayed pending resolution of the Dispositive Motions because the FAC's claims are legally deficient and the Dispositive Motions raise threshold challenges, including ones based on qualified immunity, legislative immunity, the anti-SLAPP statute, and the California Government Claims Act. Thus, a ruling on the Dispositive Motions may eliminate or significantly narrow the issues, parties, and scope of permissible discovery. Additionally, the discovery Plaintiff seeks would immediately implicate sensitive privileges, including legislative privilege, attorney-client and work-product protections surrounding WCU investigations, and confidentiality obligations that safeguard the integrity of the Legislature's employee-conduct system. Allowing discovery to begin now would therefore risk unnecessary intrusion into protected legislative communications, impose significant burdens on public-entity defendants, and require the Court to resolve complex privilege disputes prematurely—burdens that may be entirely avoided if the motions are granted.

Plaintiff asserts that segmented discovery is appropriate here. Whether Plaintiff made the reports vs. the truthfulness thereof is an easy line to govern discovery phases. California Labor Code 1102.5 (and 2018 statutes underlying the fourth and fifth causes of action California Statutes) protect an employee for disclosing information reasonably believed to be a violation of state or federal law. These retaliation provisions simply require that Plaintiff reported what she reasonably believed to be illegal activity and a sufficient causal connection to her termination. RICO requires that the reports were true—the illegal activities actually happened. Plaintiff, who has yet to serve any discovery requests, will narrowly tailor discovery requests as appropriate throughout a twelve-month discovery period.

If discovery proceeds, the parties anticipate negotiating an Electronically Stored Information ("ESI") protocol, including custodians, search terms, and production formats, after the Court rules on the pending Dispositive Motions.

### A. Timing, Form, and Requirement for Disclosures

The parties have not yet exchanged initial disclosures under Rule 26(a)(1).

Plaintiff will provide initial disclsoures within the time period contemplated by the Federal Rules of Civil Procedure. Plaintiff will provide her initial production thereto within seven (7) days of the entry of a protective order.

At the Rule 26(f) Conference between the parties on January 9, 2026, the Rivas Defendants and the Assembly objected to proceeding with any discovery at this time, which includes initial disclosures. The Rivas Defendants propose deferring initial disclosures until after the Court rules on the pending Dispositive Motions, given the likelihood that those motions will significantly narrow or eliminate claims and parties.

The parties do not anticipate changes to the form or content of disclosures at this time.

### B. Subjects of Discovery, Timing, and Phasing

<u>Defendants</u>:    The Rivas Defendants anticipate discovery on the following subjects, noting that these categories are not exhaustive: Plaintiff's employment, performance, and termination, including the misconduct that was the subject of the WCU investigation that led to her termination and her lack of candor during that investigation; Plaintiff's alleged reports and complaints to the WCU and Assembly staff; and Plaintiff's damages, including any post-termination mitigation and employment opportunities. In the event that Plaintiff is permitted to proceed with her RICO claims, the Rivas Defendants anticipate discovery also would be sought on additional subjects, including but not limited to California legislators' voting decisions and motives for their actions with regard to several pieces of proposed legislation in the Assembly[1];

---

[1] Defendants expect that such discovery would be sought. It would, however, implicate claims of legislative privilege that would have to be resolved by motions practice. By identifying this topic here as an anticipated subject on which discovery would be sought, Defendants do not waive any such privilege and reserve all rights to oppose such discovery.

expenses, payments, and related communications associated with political advocacy in the Assembly; petitioning activity; campaigning activity; and travel by Speaker Rivas and Mr. Rivas.

The Assembly agrees with the Rivas Defendants' characterization of anticipated discovery and anticipates the same, particularly in regard to Plaintiff's employment, performance, and termination; Plaintiff's alleged reports and complaints to the WCU and Assembly staff; and Plaintiff's damages, including any post-termination mitigation and employment opportunities.

The Rivas Defendants anticipate discovery disputes over legislative privilege and confidentiality and propose that discovery be stayed entirely until the Court resolves the Dispositive Motions.

The Assembly anticipates discovery disputes over legislative privilege and confidentiality and proposes that discovery be stayed entirely until the Court resolves the Dispositive Motions.

At this time, the Rivas Defendants and the Assembly anticipate discovery could be completed within eighteen months after the Court issues its ruling on the Dispositive Motions, subject to adjustment based on the scope of surviving claims, the timing and scope of any amendments to the FAC, and Defendant Speaker Rivas' schedule as a publicly elected official.

<u>Plaintiff</u>: Plaintiff agrees that the topical list provided by Defendants is fairly accurate. Plaintiff asserts, however, that privilege issues ought to be determined request by request.

Because Members of Congress are suspectable to discovery for certain employment actions under the Congressional Accountability Act of 1995, it is neither incongrument nor unusual for a state legislator who removed an action to federal court being required to complete discovery. Defendants removal means that there is not a type absolute immunity can preclude all discovery. While it is true that legislative acts can be shielded from discovery, legislative immunity, is not sovereign immunity and employment retaliation is not a legislative act.

**C.     Electronically Stored Information (ESI)**

Plaintiff provided a draft ESI protocol for Defendants' review on January 23.

The parties anticipate that relevant ESI will include emails, text messages, and internal Assembly records. They agree to confer regarding custodians, search terms, and production formats

after the Court rules on the pending motions. At present, no disputes have arisen regarding preservation, and the parties intend to comply with their obligations to preserve relevant ESI.

### D.  Privilege and Protection Issues

On January 20, 2026, Plaintiff provided a draft protective order, which included a provision concerning Rule 502 of the Federal Rules of Evidence. The draft contained a provision for protections greater than Attorney's Eyes Only.

The parties anticipate significant issues and motions practice regarding legislative privilege, deliberative privilege, attorney-client privilege, and work-product protection. The parties anticipate seeking guidance from the Court regarding legislative privilege, as well as the privilege status and confidentiality of WCU investigative materials.

If the case proceeds, the Rivas Defendants and the Assembly anticipate requesting a robust protective order, including Attorneys' Eyes Only and other provisions tailored to the circumstances of this litigation, due to confidentiality concerns.

### E.  Changes to Discovery Limitations

Plaintiff proposes that (a) Interrogatories be set at 30 per side and (b) the limitations on depositions be set at 70 hours per side (for both party and non-party witnesses combined).

Rivas Defendants and the Assembly do not propose changes to the numerical limitations on discovery imposed by the Federal Rules or Local Rules at this time but reserve the right to do so.

However, as noted above, the Rivas Defendants are requesting that the Court impose a discovery stay pending resolution of the Dispositive Motions, which the Assembly supports and Plaintiff opposes.

## 7.  SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties agree that settlement discussions or ADR would be premature until the Court resolves the Dispositive Motions. The parties will revisit ADR after the scope of the case is clarified.

## 8.  TRIAL ESTIMATE

Plaintiff estimates that a jury trial would take six-to-eight days.

If the case proceeds, the Rivas Defendants and the Assembly estimate a jury trial of approximately 10–15 days. No trial date has been set.

**9.    SCHEDULING**

While Plaintiff agrees that discovery will likely take 12 months to complete for the reasons detailed above, Plaintiff suggests a July 2027 trial date. Accordingly, Plaintiff would respectfully request an intial pretrial order that would incorporate the following:

| | |
|---|---|
| 4/15/2026 | Deadline to Amend Pleadings/Add New Parties |
| 11/15/2026 | Identification of Plaintiff's experts and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B) |
| 12/15/2026 | Identification of Defendants' experts and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B). |
| 2/1/2027 | Completeion of Discovery |
| 3/1/2027 | Dispostive Motion Deadline |
| 4/15/2027 | All other pre-trial motions |
| June 2027 | Final Pretrial Conference |
| July 2027 | Jury Trial |

The Rivas Defendants and the Assembly believe it is premature to propose deadlines and/or dates for the filing of non-discovery motions, settlement conference, discovery cut-off date, final pretrial conference, and proposed date for trial and propose that the parties meet and confer on and submit a proposed schedule once the Court has ruled on the Dispositive Motions.

**10.    ADDITIONAL ISSUES**

Currently, the Rivas Defendants and the Assembly believe special procedures such as reference to a special master are not appropriate. There is no agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. § 636(c).

The case is not related to any other case pending in this district, including bankruptcy court in this district.

Plaintiff notes that Defendants set a motion to stay discovery for hearing before the Magistrate Judge on February 19, 2026. Defendants stated rationale for staying discovery derives

almost exclusively from Defendants' pending motion to dismiss. While Plaintiff will fully cooperate with providing a LR 251(c) Joint Statement, it does appear that the subject of the February 19 hearing before the Magistrate Judge will be the same question that has already been put before this Court.

At this juncture, there are no further issues for discussion.[2]

DATED: January 23, 2026  STOEL RIVES LLP

/s/ Bryan L. Hawkins
MATTHEW D. SEGAL, Bar No. 190938
matthew.segal@stoel.com
RACHEL C. LEE (*admitted pro hac vice*)
rachel.lee@stoel.com
BRYAN L. HAWKINS, Bar No. 238346
bryan.hawkins@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com

WAYMAKER LLP

SCOTT M. MALZAHN, Bar No. 229204
smalzahn@waymakerlaw.com

*Attorneys for Defendants ROBERT RIVAS and RICARDO D. ("RICK") RIVAS*

---

[2] The parties did not discuss methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702 or optimal timing and method for settlement discussions, including whether a court convened settlement conference should be scheduled, or whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d).

DATED: January 23, 2026                         FISHER & PHILLIPS

                                                */s/ David D. Witkin as authorized on 1/23/26*
                                                Alden J. Parker, Bar No. 196808
                                                aparker@fisherphillips.com
                                                David B. Witkin, Bar No. 344145
                                                dwitkin@fisherphillips.com
                                                621 Capitol Mall, Suite 2400
                                                Sacramento, California 95814
                                                Telephone: (916) 210-0400
                                                Facsimile: (916) 210-0401

                                                *Attorneys for Defendant California State Assembly*

DATED: January 23, 2026                         GAVRILOV & BROOKS

                                                */s/ Justin C. Pfeiffer as authorized on 1/23/26*
                                                Ognian Gavrilov, Bar No. 258583
                                                ognian@gavrilovlaw.com
                                                Justin C. Pfeiffer, Bar No. 248306
                                                jpfeiffer@gavrilovlaw.com
                                                Michael H. Raichelson, Bar No. 174607
                                                mraichelson@gavrilovlaw.com
                                                GAVRILOV & BROOKS, PC
                                                2315 Capitol Avenue
                                                Sacramento, CA 95816
                                                Telephone: (916) 504-0529
                                                Facsimile: (916) 473-5870

                                                RAICHELSON AND ORANTES
                                                Michael Harvey Raichelson, Bar No. 174607
                                                mraichelson@gavrilovlaw.com
                                                5850 Canoga Avenue, 4th Floor
                                                Woodland Hills, CA 91367
                                                Telephone: (888) 619-8222
                                                Facsimile: (888) 619-8222

                                                *Attorneys for Plaintiff*