UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA MORENO, | No.  2:25-cv-02866-DC-SCR |
| Plaintiff, | |
| v. | ORDER |
| ROBERT RIVAS, et al., | |
| Defendants. | |

Before the court are two motions to stay discovery filed by Defendants.  ECF Nos. 32 & 34.  These motions are before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).  Defendants seek to stay discovery while awaiting decision on three pending dispositive motions (ECF Nos. 8, 10 & 11).  For the reasons discussed more fully below, the Court finds upon a "preliminary peek" at the merits of the dispositive motions, that although they may fully resolve some claims, it is unlikely that all claims will be dismissed without leave to amend.  Accordingly, the Court will DENY IN PART the motions to stay discovery, to the extent they seek a complete stay of discovery, but will GRANT IN PART and direct that discovery proceed in a limited fashion pending resolution of the substantive motions.

## I.       BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Cynthia Moreno originally filed this action in state court and quickly filed a First Amended Complaint ("FAC") in that forum.  ECF No. 1 at 3.  Defendants removed the action to

1

this Court on October 3, 2025.  The FAC is the operative pleading.  ECF No. 1-4.  The FAC alleges that Plaintiff served as the Press Secretary to California State Assembly Speaker Robert Rivas.  ECF No. 1-4 at ¶ 1.  Plaintiff alleges that Speaker Rivas retaliated against her for "reporting illegal, unethical, and harassing conduct."  *Id*.  The FAC names as Defendants: 1) Robert Rivas, the Speaker; 2) Ricardo Rivas, the Speaker's brother; and 3) the California State Assembly.  *Id*. at ¶¶ 6-8.  The FAC alleges eight causes of action: 1) Rackeeter Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), against the Rivas defendants; 2) RICO Conspiracy, 18 U.S.C. § 1962(d), against the Rivas defendants; 3) Whistleblower Retaliation based on state law against the Assembly; 4) violation of the Legislative Whistleblower Protection Act against the Rivas Defendants; 5) violation of the Legislative Discriminatory Harassment Retaliation Prevention Act against the Assembly; 6) a First Amendment violation under 42 U.S.C. § 1983 against the Rivas Defendants; 7) conspiracy to violate the First Amendment against the Rivas Defendants; and 8) violation of the Tom Bane Civil Rights Act against the Rivas Defendants.  ECF No. 1-4 at ¶¶ 23-97.

On October 15, 2025, the Rivas Defendants filed a motion to dismiss (ECF No. 8) and the Assembly filed a motion to dismiss and motion to strike pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16.  ECF Nos. 10 & 11.  The parties agreed to a stipulated scheduling order to allow additional time to brief the motions.  ECF No. 17.  The parties also agreed they would hold their Rule 26(f) conference on January 9, 2026, and that they would exchange their Rule 26(a)(1) initial disclosures and file a status report outlining their discovery plan by January 23, 2026.  ECF No. 17 at 3.  By Minute Order, Judge Coggins granted the parties' request for briefing schedule, and directed the joint status report be filed by January 23, 2026.  ECF No. 18.  The dispositive motions were fully briefed by December 5, 2025, and submitted without oral argument.  ECF No. 18.  They remain pending.

On January 14, 2026, the Rivas defendants filed a motion to stay discovery.  ECF No. 32.  The parties filed a Joint Status Report ("JSR") on January 23, 2026.  ECF No. 33.  The JSR states that a Rule 26(f) conference was held on January 9, 2026, and that Defendants objected to proceeding with any discovery until the Court resolves the pending dispositive motions.  *Id*. at 7.

2

Plaintiff states that "segmented discovery" is appropriate, and that she has not yet served any discovery requests, but "will narrowly tailor discovery requests as appropriate." *Id*. The JSR states that the parties have not yet exchanged initial disclosures. *Id*. at 8. On February 2, 2026, the Assembly filed a motion to stay discovery. ECF No. 34.

On February 5, 2026, the parties filed joint statements concerning their dispute as to whether discovery should be stayed. ECF Nos. 35 & 36. The undersigned held a hearing on this dispute on February 19, 2026. ECF No. 38. Judge Coggins has not entered an order setting discovery deadlines.

## II.    LEGAL STANDARDS

A district court exercises "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). It has similarly broad discretion to stay proceedings as an incident to its power to control its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (court's power to stay proceedings is incidental to power to control cases with economy for itself, counsel, and litigants). "[T]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). Courts disfavor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015) (citation omitted). On the other hand, a stay of discovery pending the resolution of a potentially dispositive motion may further the goal of efficiency for the courts and the litigants. *See, e.g., Little*, 863 F.2d at 685.

Courts in the Ninth Circuit typically rely heavily on two factors to determine if delaying discovery is appropriate: (1) whether the pending motion is potentially dispositive of the case, or at least would render unnecessary the discovery at issue; and (2) whether the pending motion can be decided absent additional discovery. *See Salazar*, 2015 WL 6537813, at *1. Courts generally conclude that the first prong is not satisfied if disposition of the motion would likely involve leave to amend. *See, e.g., Mlejnecky*, 2011 WL 489743, at *9 (finding a pending motion to

3

dismiss not dispositive of the case where the Magistrate Judge anticipated that, even if the motion were granted, the District Judge would grant leave to amend). However, "[u]nder the first prong, even if the motions are not completely dispositive, courts will stay discovery where 'resolution of the motions will impact the number of defendants and legal theories at issue which will in turn impact the scope of discovery.'" *Apothio, LLC v. Kern Cnty.*, No. 1:20-cv-522-JLT-CDB, 2023 WL 2655847 (E.D. Cal. March 27, 2023), quoting *Pacific Surf Designs, Inc. v. Whitewater West Indus., Inc.*, No. 20-cv-1464-BEN (BLM), 2021 WL 3080061, at *2 (S.D. Cal. July 21, 2021). "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (citation omitted).

Courts both within and beyond the Ninth Circuit sometimes apply additional factors in deciding whether to stay discovery. These include "[t]he type of motion and whether it is a challenge as a matter of law or the sufficiency of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of the discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances." *Skellerup Industries Limited v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (citation and quotation omitted). In evaluating all of the relevant factors, courts foreground the need to balance the downside of delaying discovery against the possibility that the motion will be granted and eliminate the need for discovery. *Salazar*, 2015 WL 6537813, at *1 (citations omitted).

### III.    ANALYSIS

Given that the parties have held their Rule 26(f) conference, discovery is now authorized, absent a stay or protective order. *See* Fed. R. Civ. P. 26(d)(1). As explained below, the applicable factors as a whole weigh against a complete stay of discovery. Having taken a preliminary peek at the pending dispositive motions, the undersigned believes those motions are not likely to fully resolve the entire case. Even if Defendants prevail on the current motions, the undersigned believes the Court is likely to grant Plaintiff leave to amend. Nor is there otherwise

good cause for a complete stay of discovery.

### A. POSITIONS OF THE PARTIES

The Rivas Defendants argue that discovery should be stayed because the dispositive motions "will potentially dispose of all of Plaintiff's federal and state claims as a matter of law[.]" ECF No. 32 at 3. They argue discovery is not required to decide the pending motions. *Id.* The Assembly's motion repeats the same arguments. ECF No. 34. More specifically Speaker Rivas argues he is entitled to qualified immunity on all federal claims, and the state law claims should be dismissed for failure to comply with the California Government Claims Act ("GCA"). ECF No. 35 at 12. Defendants also argue that discovery will be burdensome due to "inevitable disputes over legislative privilege" and will intrude on the Speaker's public duties. *Id.* Defendants argue that these immunity and privilege issues will need to be resolved by the Court in discovery proceedings if the stay is not granted. ECF No. 36 at 5-6.

As a starting point, Defendants at least implicitly acknowledge that leave to amend may be appropriate. The Rivas Defendants' motion to dismiss argues that Plaintiff should not be granted leave to amend on the RICO and state law claims. ECF No. 8-1 at 33, 49; ECF No. 30 at 41. The Rivas Defendants' reply brief specifically contends that "leave to amend *certain claims* would be futile." ECF No. 30 at 41 (emphasis added). However, the Rivas Defendants do not argue that leave to amend the First Amendment claims would be futile. *Id.* at 42. Thus, the Rivas Defendants' substantive moving papers implicitly acknowledge that leave to amend may be appropriate on the First Amendment claims.

The Assembly's substantive moving papers also contemplate that leave to amend would be appropriate, by arguing for a more definite statement. ECF No. 10-1 at 13-14. Although this is an alternative argument, the Assembly argues that a more definite statement is warranted because the allegations are too general and do not allow the Assembly to meaningfully respond. *Id.* at 13. The Assembly's argument for dismissal without leave to amend requests the action be dismissed "without leave to amend for failure to allege compliance with the GCA[.]" *Id.* at 15.

Plaintiff argues that the Court should not stay discovery. ECF No. 35 at 21. Plaintiff states that at this juncture no discovery requests have yet been propounded and that a protective

5

order would be sufficient to allow discovery to proceed. *Id.* Plaintiff submitted a proposed protective order (ECF No. 35-1) attached to the Joint Statement. Defendants object to the consideration of the protective order at this time (ECF No. 35 at 20-21), and the Court agrees it is not properly presented. Plaintiff suggests that "narrowly tailored" discovery is appropriate, and that whether discovery is objectionable is best considered when discovery is served. ECF No. 35 at 24-25. Plaintiff states that her initial discovery "would focus on aspects of Plaintiff's various retaliation causes of action," in part because the Federal Judicial Center's Manual for Complex Litigation suggests that a discovery stay is often wise for RICO matters. ECF No. 35 at 25 n. 8.

### B. PRELIMINARY PEEK

In ruling on the motion to stay, the undersigned must take a "preliminary peek" at the pending motions to dismiss in order to evaluate their scope and the likelihood that they will resolve the entire case. *See Mlejnecky,* 2011 WL 489743, at *8. "The undersigned recognizes the awkward nature of this review procedure here." *Id*. The "responsibility" for "resolv[ing] defendant's motion to dismiss plaintiff's First Amended Complaint belongs only to" Judge Coggins, and Judge Coggins "may take a different view of the merits." *Id*. Given that this is only a preliminary peek, the analysis below will not be as detailed or complete as it would be if the motions to dismiss were being fully adjudicated. *See Flynn v. Nevada*, 345 F.R.D. 338, 348_n.17 (D. Nev. 2024) ("[T]he magistrate judge is engaging in a *preliminary* peek. A magistrate judge need not—and frequently does not—provide extensive written analysis of their view of the underlying dispositive motion practice in deciding a motion to stay discovery.") (emphasis in original). With that caveat, the analysis proceeds, with a brief summary of the arguments raised in the dispositive motions. As whether leave to amend will likely be allowed is important to the preliminary peek analysis, the Court begins by briefly summarizing the operative pleading.

### 1. The First Amended Complaint

Plaintiff alleges that she worked as the Press Secretary for Speaker Rivas, and that he retaliated against her for reporting illegal and unethical conduct by, among other things, terminating her employment. FAC at ¶ 1. The FAC also names Speaker Rivas' brother as a Defendant, and alleges that he is the American Beverage Association's Vice President for

California.  *Id.* at ¶ 7.  Plaintiff alleges that in May 2024 she made a complaint to the Communications Director for Speaker Rivas concerning sexual harassment by a former communications assistant.  *Id.* at ¶ 13.  Plaintiff made a second complaint in July 2024.  *Id.* at ¶ 15.  Plaintiff alleges her complaints were submitted to the Workplace Conduct Unit ("WCU"), and the WCU found the complaint substantiated.  *Id*. at ¶ 16.  Plaintiff alleges Speaker Rivas stripped her of significant job responsibilities.  *Id.*

Plaintiff alleges that in January 2025, she made a complaint to Liz Snow, Speaker Rivas' Chief of Staff, and also submitted a complaint directly to the WCU that "report[ed] unethical and illegal practices, including, inter alia, misuse of public campaign staffers directing government staffers, using public funds for campaign-related press conferences by Communications Director Nick Miller and Speaker Robert Rivas, and his brother, Rick Rivas."  *Id.* at ¶ 17.  Plaintiff alleges that her January and February 2025 complaints "detailed how Rick Rivas, a non-profit organization (Govern for California) to which both brothers had substantial ties, and an associated political action committee (Govern for California Courage Committee PAC) funneled money to control Robert Rivas' actions respecting proposed legislation."  *Id.* at ¶18.

Plaintiff alleges that in retaliation for these complaints, Speaker Rivas and his brother "caused the denial" of a raise and "cause [sic] her employment to be terminated."  FAC at ¶19.  Plaintiff states that the August 6, 2025 letter terminating her employment was signed by Lia Lopez and alleged that Plaintiff had made inappropriate comments of a sexual nature.  *Id.* at ¶ 20.  Ms. Lopez is alleged to be the chief administrative officer of the Assembly, and Plaintiff claims she terminated Plaintiff "at the behest of Robert and Rick Rivas."  *Id.* at ¶ 21.

**2.  Rivas' Motion to Dismiss (ECF No. 8)**

This motion argues that Plaintiff fails to state a claim on any of her state or federal claims, but also argues legislative immunity, *Noerr-Pennington* immunity, and qualified immunity.  Defendants argue that all the claims related to Plaintiff's termination "fail against Speaker Rivas and Mr. Rivas because the FAC does not factually allege what either of them did personally to wrong her."  ECF No. 8-1 at 13.  Defendants argue the allegations are conclusory and that state action is not sufficiently alleged on the part of Rick Rivas.  *Id*.  Defendants argue that allegations

of "fraudulent" conduct do not comply with the particularity requirements of Rule 9(b). *Id.* at 14, 19-20.

Defendants then make more specific arguments directed to the various counts. Defendants argue that the FAC fails to adequately plead a predicate act necessary for the RICO claim. *Id.* at 24. Defendants focused at oral argument on the stay motion on the contention that retaliation against an informant under 18 U.S.C. § 1513(e) could not be a predicate act because Plaintiff does not allege she made a report to federal law enforcement. *Id.* at 28-29. Defendants argue that causation is not sufficiently alleged, because Plaintiff does not allege that either of the Rivas Defendants fired her, but rather that Ms. Lopez issued the termination letter "at the behest of" the Rivas Defendants. ECF No. 8-1 at 31-32.

### 3. Assembly's Motion to Dismiss (ECF No. 10)

The Assembly primarily argues that Plaintiff's FAC does not demonstrate compliance with the GCA, and fails to comply with Rule 8. The Assembly seeks dismissal for failure to state a claim, and alternatively asks for a more definite statement. The Assembly notes that Plaintiff does plead compliance with the GCA (at ¶ 12 of FAC), but that it is a conclusory assertion without any details. ECF No. 10-1 at 8. The motion further points to Plaintiff's allegation in the FAC that suggests she was obliged to include the Assembly as a Defendant: "[t]he limited inclusion of the State Assembly as a named defendant merely corresponds with the requirement the employee sues their employer regardless of whomever that employer is." ECF No. 10-1 at 8, citing FAC at ¶ 4. The Assembly argues that Plaintiff did not plead sufficient facts demonstrating compliance with the GCA and thus her claims must be dismissed with prejudice. *Id*. at 11. In the alternative, the Assembly seeks a more definite statement. *Id.* at 13.

### 4. Defendants' Motion to Strike (ECF No. 11)

This motion seeks to strike the third, fourth, fifth, and eighth causes of action pursuant to the anti-SLAPP statute. An attached exhibit is the California Legislature Joint Committee on Rules Policy on Appropriate Workplace Conduct. ECF No. 11-2. Defendants state they are accused of making statements in connection with a government investigation conducted by the WCU and that such statements would be protected activity under the anti-SLAPP statute.

**5. Plaintiff's Opposition (ECF Nos. 21-23)**

Plaintiff filed three separate opposition briefs. Counsel Justin Pfeiffer also filed a declaration to address the GCA argument. ECF No. 21-2. Plaintiff states the government claim form was submitted September 2, 2025, the same day the Complaint was filed in state court. Plaintiff provides a copy of the check for the claim filing fee, and suggests the "Department of General Services may not have provided the claim form to the State Assembly." ECF No. 21-2 at ¶ 9.

Plaintiff argues that this Court should not apply the anti-SLAPP statute. Plaintiff notes that some Circuits don't apply state anti-SLAPP statutes, and argues the "diminishing propriety" of applying them in federal court is limited to diversity suits. ECF No. 22-1 at 13-14. Plaintiff also appears to argue that because this action was removed, the Court should not apply the anti-SLAPP statute. *Id.* at 17. However, there is no merit in Plaintiff's contentions that California's anti-SLAPP statute does not apply in federal court. *See Mogan v. Airbnb, Inc.*, 2024 WL 3738480 at *2 (9th Cir. Aug. 9, 2024) ("Though [plaintiff] cites out-of-circuit authority to argue the opposite, California's anti-SLAPP statute plainly applies in federal court under Ninth Circuit precedent."), citing *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141-44 (9th Cir. 2022). Plaintiff further argues that some immunity arguments were waived by removal.

Plaintiff does not make a detailed argument for leave to amend, making only one brief mention of leave to amend. ECF No. 23-1 at 37. Instead, Plaintiff argues that she does state a claim and the motion to dismiss should be denied. As to the GCA presentment argument, Plaintiff contends that additional facts could be alleged. ECF No. 21-1 at 19-20.

**6. The Joint Statement**

Defendants argue that under the preliminary peek standard, discovery should be stayed and that discovery is not needed to decide the pending dispositive motions. ECF No. 36 at 4. Defendants argue that the supplemental information provided by Plaintiff establishes that Plaintiff did not comply with the GCA. *Id.* at 4-5. Defendants also argue that discovery should be stayed because the outcome of the motions could materially change the scope of discovery, and rely on *Apothio, LLC. Id.* at 5.

9

In addition to the merits-based arguments raised in the dispositive motions, Defendants also argue that discovery will be too challenging due to privacy, privilege, and immunity issues. ECF No. 36 at 5 ("The litany of unanswered privileges and immunities questions presented by the Defendants' dispositive motions also warrants a stay."). Plaintiff argues that the scope of privilege is governed by federal law and that an assertion of legislative immunity does not provide for an automatic stay of discovery. ECF No. 36 at 7-8. Plaintiff suggests it is appropriate for discovery to proceed in a "segmented and narrowly tailored" manner. *Id*. at 7.

### 7. Oral Argument on The Motions to Stay

The parties appeared for oral argument on the motions to stay. Defendants argued that Plaintiff could not allege a predicate act under RICO, focusing on the § 1513 issue, and argued the state law claims failed due to failure to comply with the GCA. Defendants also contend that discovery will present numerous privacy and privilege issues. The Court inquired as to whether Defendants were agreeable to any discovery commencing, and if so, to file a statement to that effect. Only the Assembly filed such a statement. The Assembly's notice (ECF No. 39) states that it could agree to provide Plaintiff's wage statements and records relating to Plaintiff that can be disclosed under the Legislative Open Records Act ("LORA").

The Court also addressed at oral argument Plaintiff's pending motion to seal (ECF No. 37) and indicated the motion would be granted. As described by Plaintiff's motion, the documents "relate[] to conduct by Plaintiff's counsel and third parties that occurred years ago and did not involve Defendants or the allegations against them." ECF No. 37 at 2. Defendants have not filed an opposition to the motion, and the motion states: "Defendants advise that they are indifferent to whether these documents are filed under seal and therefore do not oppose Plaintiff's request to seal." *Id.*

### C. A STAY OF ALL DISCOVERY IS NOT WARRANTED, BUT LIMITATIONS ARE WARRANTED

The Court's preliminary peek at the motions indicates that they are likely to be granted, at least in part. However, the Court also concludes that it is likely that Plaintiff will be granted leave to amend, at least as to some of her claims. Thus, the Court is not convinced that the pending motions will entirely dispose of the case. For example, Defendants argue that the state

10

claims should be dismissed because Plaintiff did not adequately plead compliance with the GCA. However, Plaintiff asserts that she did comply and submits a copy of her government claim.  ECF No. 21-2.  Thus, it may be that Plaintiff could amend to cure the deficiency with the GCA presentment requirement.  *See Santa Ana Police Officers Assoc. v. City of Santa Anna*, 723 F.App'x 399 (9th Cir. 2018) (allowing leave to amend when plaintiffs did not allege that the written claim was acted upon or deemed to have been rejected by the City).  As another example, Defendants were emphatic at oral argument that 18 U.S.C. § 1513(e) could not be a predicate act for the RICO claim because Plaintiff does not allege she made a report to federal law enforcement.  This appears to be an argument that the claim fails as a matter of law, and thus amendment would be futile.  However, on taking a preliminary peek, it is not clear that the case law is so certain.  *See Vierria v. Cal. Highway Patrol*, 644 F.Supp.2d 1219 (E.D. Cal. 2009) (denying motion to dismiss RICO claim based on § 1513(e) where Plaintiff alleged she provided information regarding a federal offense to the California Highway Patrol's internal affairs unit).

Additionally, Defendants' own arguments suggest that leave to amend at least certain claims would be appropriate.  The Assembly argues alternatively for a more definite statement. The Rivas Defendants argue that certain claims are not pled with particularity, and as discussed above the briefing argues specifically for dismissal without leave as to only some of the claims, and seems to suggest that leave to amend is appropriate for the First Amendment claims.

Nonetheless, Defendants' position that the pending substantive motions will likely affect the ultimate scope of the claims in this action is well taken.  Numerous cases, as cited in *Apothio, LLC*, counsel in favor of staying discovery where some claims or defendants are likely to be dismissed by pending dispositive motions.  In any particular action involving a motion to stay, a court must balance the prospect of dispositive motions potentially affecting the character of the case against the prospect of significant delay in the discovery process.  *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 290 (S.D. Cal. 2000) (when considering motion to stay discovery, "the Court should inevitably balance the harm of staying discovery with the benefit of allowing discovery to continue").  Delay implicates evidence becoming stale, witnesses' memories fading, and impeding the preparation of the case for trial.  "Courts strive to avoid

11

unnecessary cost in discovery, but they must balance that goal with the need for just and expeditious resolution of the matters before them." *Flynn*, 345 F.R.D. at 359, citing Fed. R. Civ. P. 1.[1]

Under the circumstances in this case, at least some limited discovery should be allowed to commence. The parties previously stipulated to provide initial disclosures by January 23, 2026. Defendants have not followed that agreement, and instead sought a stay. The Court will direct that the parties provide initial disclosures within 21 days. Additionally, the Court will allow Plaintiff to promulgate limited written discovery, consistent with Plaintiff's statement that she will conduct "narrowly tailored" discovery and will agree to a protective order. That written discovery may include a request for the information the Assembly agreed could be disclosed in its Notice (ECF No. 39). Written discovery may also be propounded concerning the WCU investigation of Plaintiff. However, with the pleadings unsettled, and in light of Defendants' arguments about the application of certain immunities, the Court finds good cause to stay other written discovery and depositions.

The Court will not enter the proposed protective order submitted by Plaintiff, and to which Defendants object. The parties are invited to submit a stipulated proposed protective order that complies with Local Rule 141.1(c) for the Court's consideration. Should the parties be unable to agree on a proposed protective order through a meet and confer process, they may submit competing proposed protective orders and notice hearing on the same.

**D. SEALING MOTION**

The sealing motion (ECF No. 37) concerns the conduct of Plaintiff's counsel in an action in another federal court. There is "a strong presumption in favor of access to court records." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A proponent of sealing records, must often meet the "compelling reasons" standard. *Id*. However, a lesser

---

[1] A "delay in discovery is not simply a benign or inevitable element of federal litigation." *Id.* (citation omitted). As many courts have noted, "justice delayed is justice denied." *See, e.g., Dietrich v. Boeing Company*, 14 F.4th 1089, 1095 (9th Cir. 2021) (referring to this principle as "one of the basic principles of our legal system").

standard applies when the court is considering sealing documents in the context of a non-dispositive motion: "The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id*. at 1180. Here, the documents requested to be sealed are tangential and of questionable relevance to a discovery dispute. The Court finds good cause to grant the motion to seal.

## IV. CONCLUSION

The Court finds a blanket stay of discovery is not appropriate, but that meaningful limits on the discovery process are warranted while the substantive motions remain pending.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendants' motions to stay (ECF Nos. 32 & 34) are DENIED IN PART and GRANTED IN PART as set forth herein.

2.  Plaintiff's motion to seal (ECF No. 37) is GRANTED.

3.  The parties shall exchange initial disclosures within 21 days of the date of this Order.

4.  Pending resolution of the substantive motions, Plaintiff may propound written discovery on the subjects identified herein. Other discovery is stayed.

5.  If the parties believe a protective order is necessary to facilitate discovery, they should work cooperatively to submit a stipulated proposed protective order that complies with the requirements of Local Rule 141.1(c). The parties may otherwise notice for hearing any dispute about competing protective orders.

SO ORDERED.

DATED: April 15, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

13